## Elizabeth Buck, ex parte.

1. PROBATE COURT: ALLOWANCE OF YEAR'S SUPPORT TO WIDOW; REPORT OF COMMISSIONERS: COURT MAY REVISE.—The Probate Court has control of the report of commissioners appointed to allot to the widow a year's support, or a sum of money in lieu thereof, and may confirm or disallow the report in part or in toto.
2. PROBATE COURT: ACTS OF ITS MINISTERIAL OFFICERS REQUIRED TO BE REPORTED TO THE COURT, WHEN BINDING.—The acts of the ministerial officers of the Probate Court, which are required to be reported to the court, are only binding when they become the acts of the court, and they only become so by its ratification.

APPEAL from the Probate Court of Hinds county. Hon. Robert N. Hall, judge.

On the 3d day of February, 1866, Elizabeth Buck filed her petition in the Probate Court of Hinds county, relinquishing her right to administer on the estate of her deceased husband,

and requesting the appointment of Jones S. Hamilton. The petition states the value of the personal estate to be not exceeding $5,000. Hamilton was duly appointed administrator at said February Term. At the same term appraisers were appointed to appraise the personal estate of the deceased, and also to set apart to the widow and children one year's provisions, or money in lieu of the same, the property exempt from execution, and for wearing apparel and for tuition of the children. The appraisers, "not finding any provisions or effects on hand, set apart in lieu thereof the sum of $6,000 to purchase provisions for the widow and children for one year."

On the 5th day of March, 1866, the administrator returned into court the report of the appraisers, containing an inventory of the personal property, the allowance of $6,000 to the widow and children. On the day of its return the report was examined, approved, and ordered to be recorded. The court further ordered, that the administrator set apart to the widow the said sum of $6,000 to purchase provisions for one year. On the same day, 5th March, 1866, the court further ordered "that the decree confirming the 'inventory of appraisement,' and the decree ordering the administrator to pay over to said widow the sum of $6,000 should be annulled, said allowance being considered by the court as exorbitant." It further ordered "that the matter should be recommitted to the appraisers, and that they should set aside for said widow and children a sum not exceeding $3,000."

Elizabeth Buck appealed from this judgment of the Probate Court to the High Court of Errors and Appeals.

*W.* and *J. R. Yerger*, for Elizabeth Buck, contended,

1. That the Probate Court had no jurisdiction over the subject-matter. It had no power to vacate or set aside the allowance made by the appraisers, and far less to recommit the matter to them, with instructions limiting their discretion as to the amount they would set apart for the year's support of the widow and children.

The allowance of a year's provision to the widow and children

Buok, ex parte.

of a decedent is a special privilege conferred by the statute, and a part of the same humane system of legislation which provides a homestead for the family, and exempts certain property from execution and attachment.

The power to set it apart is a special power, and vested alone in the appraisers appointed by the Probate Court. Rev. Code, page 469, article 172.

2. That "it is a universal principle, that, where power or jurisdiction is delegated to any public officer or tribunal over a subject-matter, and its exercise is confided to his or their discretion, the acts so done are binding and valid," as to the subject-matter; and individuals will not be disturbed collaterally, for anything done in the exercise of that discretion, within the power and authority conferred. The only questions which can arise between an individual, claiming a right under the act done, and the public or any other person denying their validity, are power in the officer and fraud in the party. All other questions are settled by the decision made or act done by the tribunal or officer, unless an appeal is provided for, or, otherwise, revision by some supervisory tribunal is provided by law. *United States* v. *Arredondo*, 6 Peters R. 691; *State of Miss.* v. *Johnson*, 26 Miss. R. 766.

HANDY, C. J., delivered the opinion of the court.

This is an appeal from an order of the Court of Probate, disallowing a report of commissioners alloting to the widow and children of R. L. Buck, deceased, besides other things, the sum of $6,000, in money, for the purpose of purchasing one year's provisions for them. The court set aside this allowance, and recommitted the matter to the appraisers, with directions to allow a sum for the year's provisions not to exceed $3,000.

The only question made in the matter is whether the court had the power to disallow the report; and it is insisted, in behalf of the widow, the appellant, that the appraisers were made by law a special tribunal, whose allotment was final and conclusive, and was beyond the power of the court.

We do not agree with this view. If the power of the court,

16

in the matter, depended on article 172, Rev. Code 469, as counsel supposes, it is very clear that the report was subject to the control of the court. That statute, it is true, merely requires that appraisers, after setting apart the allowance, " shall report their proceedings to the Probate Court." But to what end? It is said, merely that the court might, thereby, be informed what sum had been allowed, and taken out of the assets of the estate, with reference to the subsequent administration of the estate. But more than this was intended by requiring a report to be made to the court. It was that the court should determine whether the allowance made was, in all respects, proper and should be rati-- fied; and this, upon the theory, which has often been sanctioned by this court, that the acts of ministerial officers, required to be reported to the court, are only binding when they become the acts of the court, and that they only become so by its ratification. This is the rule held in regard to sales of the real estates of decedents; which, though merely required by the statute (Hutch. Code, 667) to be reported to the court, have been held not to be complete until ratified by the court. *Learned* v. *Matthews,* at this term.

But, in addition to this, the act of February 8, 1860, chap. 313—which is an amendment of the article of the Rev. Code relied on for the appellant—expressly requires that the court shall take care that the rule of allowance of a year's provisions, established by that act, be observed by the appraisers and shall correct their reports accordingly. This act positively places the whole matter under the power of the court, if there had been any doubt upon it under prior statutes.

The decree is affirmed, and the case remanded for further proceedings.